UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA STEINER, an Individual,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>            Defendants. | No.  2:20-cv-01580-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE DISMISSAL** |

The matter before the Court is Plaintiff's motion to set aside the Court's judgment dismissing her claims and closing this case for failure to prosecute. See Mot. to Set Aside ("Mot."), ECF No. 20; Judgment, ECF No. 18.  The United States opposes Plaintiff's motion.  See Opp'n, ECF No. 23.  Plaintiff replied. See Reply, ECF No. 24.  For the reasons stated below, the Court DENIES Plaintiff's motion to set aside the Court's judgment.[1]

I.   BACKGROUND

In August 2018, Plaintiff Tara Steiner and her son, John Steiner, collided with a United States Postal Services vehicle. Mot. at 2.  Two years later, John Steiner initiated suit against

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 9, 2023.

1

the United States, naming himself and his mother as plaintiffs in two separate cases. Opp'n at 1. John Steiner, however, passed away in December 2020, leaving his mother to continue her case. Id. at 1-2. At that time, Plaintiff's counsel, Mr. Brian Turner, indicated to the United States that he intended to withdraw from the case. See Decl. of W. Dean Carter ¶ 4, ECF No. 16-2. As a result, the parties agreed to extend time for Plaintiff to serve her initial disclosures until January 2021. Id. ¶ 5. Over the next two years, Plaintiff's counsel neither withdrew nor answered the United States' discovery requests. The United States at last filed a motion to dismiss for failure to prosecute on March 14, 2022. Mot. to Dismiss, ECF No. 16. Plaintiff did not file an opposition. Accordingly, the Court entered judgment on April 18, 2022, dismissing the case for failure to prosecute. ECF No. 18. Plaintiff brings this motion now to vacate the Court's final judgment under Fed. R. Civ. P. 60(b)(1), arguing that she failed to file an opposition for reasons of "excusable neglect." Mot. at 1.

## II. OPINION

### A. Legal Standard

Rule 60(b)(1) allows a court to vacate a final judgment that is based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To assess whether missing a filing deadline constitutes excusable neglect, courts use a four-factor test. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380 (1993). The Pioneer test is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the

defendant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the plaintiff, and (4) whether the plaintiff acted in good faith." Id. at 395 (internal citation omitted). The Supreme Court has emphasized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 392. In the Ninth Circuit, the Pioneer standard applies to Rule 60(b)(1) motions. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).

Rule 60(c) imposes a further restriction that motions under Rule 60(b) must be brought within a "reasonable time," and if justified by mistake, inadvertence, surprise, neglect, new evidence, or fraud, a "reasonable time" cannot exceed one year. Fed. R. Civ. P. 60(c). The length of a "reasonable time" differs from case to case and depends on the reasons offered for the delay, the moving party's practical ability to learn the basis of the court's decision, any prejudice that might result to the other litigants, and the general interest in the finality of litigation. Lemoge v. United States, 587 F.3d 1188, 1196–97 (9th Cir. 2009).

B.   Discussion

Plaintiff contends relief from judgment under Rule 60(b)(1) is appropriate based on her counsel's excusable neglect for "fail[ing] to file an opposition to the [Government's] motion to dismiss based on a calendaring error." Mot. at 2. The Court disagrees.

As an initial matter, Plaintiff's motion was not brought

within a "reasonable time." Fed. R. Civ. P. 60(c). There is an eleven-month delay between April 18, 2022, when the Court's judgment was entered, and March 24, 2023, when Plaintiff brought her motion. See Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir. 1987) (holding that a motion for relief from judgment pursuant to Rule 60(b)(1) may be denied, although it was filed within the one-year period, if the moving party unreasonably delayed bringing the motion).

While an eleven-month delay is not per se unreasonable, the circumstances of the delay make it so. After the Court's judgment was entered, Plaintiff's counsel waited five months to inform his client of the Court's decision. Mot. at 2. And, because Plaintiff moved in the interim, Plaintiff's counsel did not successfully inform his client her case had been dismissed until January 21, 2023, nine months after the fact. Id. at 3. Plaintiff took another two months to bring this motion, for a total delay of eleven months. To explain the first nine months, Plaintiff's counsel offers only that he "wrestled with how to proceed and rectify [his] error [while] dealing with an emotional client who had tragically lost her son." Id. at 2. There is no authority to suggest that an attorney's reluctance to give his client bad news is "reasonable" within the meaning of Rule 60(c). It is undeniably an attorney's duty to keep his client informed of developments in her case so she may make informed and timely decisions about its progress, especially when the developments are negative.

Even without a denial on procedural grounds, however, Plaintiff's motion fails under the substantive test of

4

Rule 60(b). For one, there is a great risk of prejudice to the Defendants. As the United States argues, due to the lengthy delays both before and after the case's dismissal, "key witnesses will likely be unavailable or unable to provide testimony and crucial evidence may no longer be available." Opp'n at 3. Should the motion be granted, "defendants would likely suffer the costs of delayed, uncertain, and stale discovery concerning events" that occurred five years ago. Hassan v. Credco, et al., No. 2:13-cv-01942-KJM-KJN, 2016 WL 8731108, at *3 (E.D. Cal. Mar 18, 2016).

Further, the Court does not consider Plaintiff's counsel's failure to abide by the Court's filing deadline "excusable neglect" under Rule 60(b). The Court's deadline for opposition briefs is clearly set out in its local rules. See E.D. Cal. L.R. 230(c). As the Ninth Circuit held, in the absence of "a persuasive justification for [counsel's] misconstruction of nonambiguous rules . . . there is no basis from deviating from the general rule that a mistake of law does not constitute excusable neglect." Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994). This general rule keeps faith with the Supreme Court's emphasis in Pioneer that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer, 507 U.S. at 392. A litigants' failure to research, read, and follow clear and unambiguous rules is only excusable neglect when countervailing circumstances allow for it in equity. See Briones, 116 F.3d 379 (vacating and remanding a district court's denial of a Rule 60(b)(1) motion where the litigant was pro se and had difficulty

with English); <u>Bateman v. United States Postal Serv.</u>, 231 F.3d 1220 (9th Cir. 2000) (finding excusable neglect where a lawyer was out of the country and jetlagged upon return); <u>Lemoge</u>, 587 F.3d 1188 (9th Cir. 2009) (finding excusable neglect where a lawyer delayed due to injury requiring multiple surgeries and extensive surgery).  It is plainly the exception and not the rule that a lawyer's neglectful behavior is excusable under the auspices of <u>Pioneer</u>.

Plaintiff argues that her son's death is a countervailing circumstance that the Court should consider in its equitable decision.  Reply at 2.  The Court is sympathetic to Plaintiff's loss and grief.  There is a point, however, when leniency must give way to considerations of limited court resources and fairness to litigants who comply with the Court's rules.  Plaintiff's son passed in 2020 and the record shows that Plaintiff has received multiple extensions from Defendants to accommodate Plaintiff's loss and Plaintiff's counsel's pending withdrawal, which has been pending since 2020.  <u>See</u> Decl. of W. Dean Carter ¶¶ 2-14, ECF No. 16-2.  The United States filed its motion to dismiss the case after two years of Plaintiff's failure to prosecute.

Moreover, Plaintiff's counsel refers repeatedly to "extenuating circumstances which created communication difficulties with his client," but the same extenuating circumstances have existed since 2020.  Mot. at 5.  Plaintiff has not indicated to the Court that any progress has been made to mitigate these circumstances.  And so, though Plaintiff's circumstances were extenuating in 2020, they do not continue

justify Plaintiff's delays in 2022 and 2023. Plaintiff's delays have impacted judicial proceedings, stalling the case for two years after filing, despite Defendants' efforts to move the case forward. While the Court finds Plaintiff did not delay in bad faith, Plaintiff's unexplained and persistent inability to remedy the communication problems between herself and counsel bar the Court from concluding she acted in good faith.

As such, weighing the four <u>Pioneer</u> factors, the Court finds that Plaintiff's calendaring error is not "excusable neglect" within the meaning of Rule 60(b)(1). Plaintiff has demonstrated a persistent failure to prosecute her case, beginning with her failure to provide initial disclosures until threatened with dismissal, to her failure to respond to the United States' Request for Admissions, and culminating in her failure to oppose the United States' motion to dismiss. Plaintiff's proffered reasons for delay do not outweigh the prejudice to Defendants and the general interest in finality in judgment. Thus, considering all relevant circumstances, the Court finds there is no excusable neglect to provide relief from final judgment.

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Set Aside the Dismissal.

IT IS SO ORDERED.

Dated: August 2, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE